**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES EQUAL**
**EMPLOYMENT OPPORTUNITY**
**COMMISSION,**

    **Plaintiff,**

**TAMMY SHELTON-LEIGH and**                Case No. 8:04-cv-2155-T-24TBM
**TANYA YOUNG-MORRISON**

    **Plaintiff Intervenors,**

**v.**

**ROOMS TO GO, INC., and**
**R.T.G. FURNITURE CORP.,[1]**

    **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiff EEOC's Motion to Quash or Modify Subpoenas Duces Tecum** (Doc. 22). By its motion, the United States Equal Employment Opportunity Commission seeks an Order, pursuant to Federal Rules of Civil Procedure 45(c)(3) and 26(b)(1), quashing or modifying Subpoenas Duces Tecum the Defendants served on four of Plaintiff Intervenor Tanya Young-Morrison's subsequent employers. Defendants have filed a response in opposition (Doc. 23).

---

[1] Subsequent to the filing of its instant motion, the EEOC filed an Amended Complaint adding R.T.G. Furniture Corp. as a Defendant in this action. (Doc. 26).

Plaintiff, the United States Equal Employment Opportunity Commission (hereinafter "EEOC"), brings this action alleging that management and non-management officials of the Defendants subjected Tanya Young-Morrison (hereinafter "Ms Morrison), Tammy Shelton-Leigh and any other similarly situated individuals to harassment based on sex and/or race, which was sufficiently severe and pervasive to constitute a hostile, intimidating work environment, pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.[2] Ms. Morrison and Ms. Shelton-Leigh have filed a Complaint in Intervention alleging identical claims, as well as a claim under the Florida Civil Rights Act of 1992.  (Doc. 12).  As a result of Defendants unlawful conduct, each allege damages based on, among other things, humiliation, suffering, mental anguish, pain, anxiety, embarrassment, inconvenience, and loss of income.

On June 29, 2005, Defendants served Subpoenas Duces Tecum on four of Ms. Morrison's *subsequent* employers, Gerdau Ameristeel, Kane's Furniture, Diamond Furniture Gallery, and Bill Heard Chevrolet.  The Subpoenas commanded each employer to produce and permit inspection and copying by July 19, 2005, of:

> Any and all records relating to the former employment of Tanya
> Young-Morrison, . . . including, but not limited to, payroll and
> earning records, employment applications, resumes, disciplinary
> and termination notices, correspondence, health insurance
> records and all other related documents.

---

[2] The allegations with respect to Ms. Morrison allege only sexual harassment.  Am. Compl.  (Doc. 26, ¶ 9(a)).

By its instant motion, the EEOC urges the court to quash these Subpoenas Duces Tecum on the grounds that the information sought is overly broad, speculative, not reasonably calculated to lead to the discovery of admissible evidence, and irrelevant and constitutes harassment. It further urges the court to instruct Defendants to notify the employers not to comply with the Subpoenas Duces Tecum, or if compliance has been had, to direct Defendants to return the documents to the respective employers without inspection. In the alternative, the EEOC requests the court to limit the scope of the Subpoenas Duces Tecum to only the employers' payroll, earnings and benefits records.[3]

Defendants respond that Ms. Morrison's subsequent employment records are directly relevant to the subject matter of this action in light of her claim for compensatory damages. In particular, Defendants argue that since Ms. Morrison is seeking damages for "emotional pain, suffering, inconvenience and loss of enjoyment of life," her attendance and functioning at the jobs she held after her employment with Defendants bear directly upon those damages claims. It also argues that the documents sought are relevant because they may lead to discovery of admissible evidence bearing upon Ms. Morrison's credibility. In support thereof, Defendants point to the employment applications and resumes Ms. Morrison submitted to subsequent employers. Lastly, Defendants argue that the confidentiality of Ms. Morrison's personnel files does not bar production, and they assert that any privacy concerns can be remedied by a protective order.

---

[3] Throughout it motion, the EEOC essentially concedes that information related to Ms. Morrison's claim for damages and/or mitigation of damages is relevant, and, thus, discoverable.

Rule 45(c)(3) directs a court to quash a subpoena if, among other factors, it "requires disclosure of privileged or other protected matter" to which "no exception or waiver applies." While Rule 45 does not include relevance as an enumerated reason for quashing a subpoena, it is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34. Thus, the court must examine whether a request contained in a subpoena duces tecum is overly broad or seeking irrelevant information under the same standards set forth in Rule 26(b)[4] and as applied to Rule 34 requests for production. See Fed. R. Civ. P. 45(d)(1) advisory committee's note to the 1970 Amendment ("[t]he changes make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules."); see also 9A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 2459 (2d ed.1995) (scope of discovery through a subpoena is "exceedingly broad" and incorporates the provisions of Rule 26(b) and Rule 34).

As an initial matter, the court finds that, to the extent the four Subpoenas Duces Tecum seek information or documents relating to Ms. Morrison's earnings and benefits records, the Subpoenas are appropriate. As acknowledged by the EEOC, this information is directly relevant to the EEOC's and Ms. Morrison's claims for damages and is reasonably calculated to lead to the discovery of admissible evidence. Further, contrary to the EEOC's citation to persuasive authority concluding otherwise, information and documents contained

---

[4]Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

4

within the employment files of Ms. Morrison's subsequent employers such as her "employment applications, resumes, disciplinary and termination notices, [and] correspondence," arguably may lead to the discovery of admissible evidence as related to damages claimed for emotional distress and information contained therein bearing on her credibility. The court agrees with the Defendants' assertion that a protective order entered into between the parties of this litigation will adequately protect the privacy concerns of Ms. Morrison.

Accordingly, for these reasons, **Plaintiff EEOC's Motion to Quash or Modify Subpoenas Duces Tecum** (Doc. 22) is **DENIED**. The production of this information shall be subject to a protective order agreed upon by the parties, and the documents shall be returned to the individual Plaintiff(s) at the conclusion of all proceedings in this matter.

**Done and Ordered** in Tampa, Florida, this 13th day of September 2005.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record