UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

Plaintiff,

And

TAMMY SHELTON-LEIGH And
TANYA YOUNG-MORRISON,

Plaintiff Intervenors,

v.

R.T.G. FURNITURE CORP.,

Defendant.
_____/

CIVIL ACTION NO.
8:04-CV-2155-T24-TBM

## CONSENT DECREE

1. This Consent Decree is entered into by and between Plaintiff, the United States Equal Employment Opportunity Commission (hereinafter referred to as the "Commission" or "EEOC"), Tammy Shelton-Leigh and Tanya Young-Morrison (hereinafter referred to as "Plaintiff-Intervenors" or "Ms. Leigh and Ms. Morrison"), and R.T.G. Furniture Corp. (hereinafter referred to as "Defendant"). The Commission, Plaintiff-Intervenors, and Defendant are collectively referred to as the "Parties."

2. The Commission filed this action on September 29, 2004, under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991. The EEOC Complaint alleged that Plaintiff-Intervenors were subjected to unlawful sexual and racial

1

  harassment and that the harassment was sufficiently severe and pervasive to constitute a hostile, intimidating work environment.

3. The Court granted Plaintiff-Intervenors' Motion to Intervene in this action. Like the EEOC, the Plaintiff-Intervenors alleged that Defendant violated Title VII and Title I. Plaintiff-Intervenors' Complaint also alleged that Defendant violated the Florida Civil Rights Act of 1992, Fla. Stat. §§760.01, et seq. ("FCRA"). Defendant filed Answers denying the claims made by the EEOC and Intervenor Plainitiffs.

4. Execution of this Decree does not constitute an admission by the Defendant that it has violated any law, statute, rule, regulation or ordinance of the United States, the State of Florida, or any county or municipality, or that it has breached any of its policies or practices.

5. In the interest of resolving this matter, to avoid the costs of litigation, and as a result of having engaged in comprehensive settlement negotiations, the Parties have agreed that this action should be finally resolved by the entry of this Decree. This Decree is final and binding upon the Parties, their successors and assigns.

6. The Parties agree that this Decree resolves all the claims against Defendant alleged in EEOC Charge Numbers 151 2002 01406, 151 2002 01407, and 151 2003 01532 and Civil Action number 8:04-CV-2155-T24-TBM. The Parties further agree that this Decree does not resolve any Charges of Discrimination that may be pending with the EEOC other than the charges referred to in this paragraph.

  NOW, THEREFORE, the Court having carefully examined the terms and provisions of

this Consent Decree, and based on the pleadings filed by the parties, it is ORDERED, ADJUDGED AND DECREED THAT:

## I. JURISDICTION OVER DECREE

7. This Court has jurisdiction of the subject matter of this action and over the Parties for the purposes of entering and enforcing this Decree.

8. No party shall contest the jurisdiction of this Federal Court to enforce this Decree and its terms or the right of the EEOC to bring an enforcement suit upon alleged breach of any terms of this Decree.

## II. INJUNCTIVE RELIEF

9. Paragraphs 10 through 22, below, shall apply to Defendant's Clearance Centers in the State of Florida (referred to as "Defendant's facilities").

10. The Defendant and its successors and assigns are enjoined from engaging in any conduct which violates Title VII by adversely affecting the terms and conditions of any individual's employment in Defendant's facilities by creating a hostile work environment based on sex and/or race.

11. The Defendant and its successors and assigns are enjoined from engaging in any conduct which violates Title VII by adversely affecting the terms and conditions of any individual's employment in Defendant's facilities because such individual has (i) opposed a hostile work environment based on sex or race which the individual reasonably believed, in good faith, was unlawful under Title VII, (ii) filed a charge of discrimination with the EEOC alleging a hostile work environment based on sex or race, (iii) cooperated with the EEOC in the investigation and/or prosecution of any charge of

discrimination alleging a hostile work environment based on sex and/or race under Title VII, or (iv) has offered testimony or information in the above-styled litigation which resulted in this Consent Decree.

12. Prior to instituting any action against Defendant for an alleged breach of paragraphs 10 and/or 11, the EEOC shall provide written notice to Defendant of its belief that a breach has occurred and give Defendant 45 days to cure the alleged breach. Such written notice shall be provided, via certified mail or overnight delivery, to J. Michael Kettle, General Counsel, at 400 Perimeter Center Terrace, Suite 800, Atlanta, Ga. 30346.

### III. DEVELOPMENT OF POLICES AND TRAINING

13. Defendant has revised its written anti-harassment policy. Defendant agrees to provide EEOC with a copy of that policy within 14 days of the execution of this Decree and to distribute the Anti-Harassment Policy to all its current employees in Defendant's facilities within thirty (30) days of the entry of this Decree. Defendant further agrees that during the term of this Decree, all new employees in Defendant's facilities will be provided a copy of the Anti-Harassment Policy within one (1) week of employment.

14. In order to further ensure the effective implementation of Defendant's anti-discrimination policies, Defendant will conduct an annual four (4) hour training session throughout the duration of this Decree for all managers and supervisory personnel in Defendant's facilities. The training sessions will be conducted by Zinober & McCrea and will focus on the prevention of sex and race discrimination in the workplace, with specific emphasis on recognizing sex and/or race harassment, and the proper procedure to be followed if

management personnel become aware of sex and/or race discrimination in the workplace and/or if they receive a complaint of such discrimination for complaining about sex and/or race harassment.

15. Defendant agrees to provide the EEOC with at least two (2) weeks notice before it conducts its training session(s), the date(s) and location(s) of the training, the identification of the training materials to be used at the training session, and the name and job title of the employees who will be in attendance at the training. The Monitor, described in paragraph 20, below, may, at his or her discretion and with advance notice to Zinober & McCrea, be in attendance at the training.

16. Defendant agrees that the training described in paragraph 14 shall be conducted by September 30, 2006, and, should thereafter take place by September 30th annually for the duration of this Decree. Defendant further agrees that all new managers and supervisors, who did not attend the annual training, will be instructed as to the Defendant's policies and procedures within 30 days of hire or placement in the supervisory or management position and will sign an acknowledgment of such instruction. The acknowledgment of instruction will be provided to the EEOC within 30 days of completion of instruction.

17. Defendant agrees that the Store and Regional Managers who supervised Plaintiff-Intervenors at the Seffner Clearance Center will be given a copy of Defendant's Anti-Harassment Policy within 30 days of the execution of this Decree. Defendant shall require these managers to sign a document acknowledging that they have received the policy, been reminded of their obligation to follow the policy and agree to abide by same. The document shall also indicate each manager's understanding that any violation of the

policy could result in discipline up to and including termination and the document shall be placed in each manager's respective personnel file. Defendant shall provide EEOC a copy of the acknowledgment.

## IV.  POSTING

18. The Defendant will post within seven (7) days from the Court's execution of this Decree, a laminated 11" x 14" sized copy of the Notice attached hereto as Exhibit A. Said notice shall be posted at each of Defendant's facilities and shall remain posted for the duration of this Decree in conspicuous locations accessible to all employees (i.e. employee bulletin board or lunch room).

## V.  REPORTING AND MONITORING

19. Within ten (10) days after the completion of each training session described in paragraph 14 above, the Defendant will provide the EEOC with a letter (the "Training Report") confirming that the training took place as agreed in this Decree.

20. Defendant shall retain Robert McKee (hereinafter "Monitor") to monitor complaints of sexual or racial harassment at Defendant's facilities. Defendant will incur all reasonable costs associated with the Monitor.

21. Throughout the duration of this Decree, the Monitor will be apprised of each complaint of racial and/or sexual harassment at Defendant's facilities, the identity of the individual making the complaint, and the actions taken by Defendant in response to the complaint. The Monitor will provide the EEOC every six (6) months with the facts and

      circumstances relating to any employee's complaint received by a Manager/Supervisor, Human Resources Department, or any other company official that he or she has been subjected to sexual or racial harassment while working at any of Defendant's facilities during the preceding six (6) months. Monitor will also state the actions taken by Defendant in response to each such allegation. The first report shall be submitted no later than November 1, 2006, and thereafter every six (6) months throughout the duration of this Decree. The Defendant will provide upon request by the Monitor any and all documentation associated with each such complaint.

22. Defendant will certify to the EEOC every six (6) months throughout the duration of this Decree that it is in compliance with all aspects of this Decree. The first such certification will be due no later than November 1, 2006, and thereafter every six (6) months throughout the duration of this Decree. Unless indicated otherwise hereinafter, all reports and documents required to be delivered by the Defendant to the EEOC pursuant to this Consent Decree shall be mailed or sent by overnight courier to: United States Equal Employment Opportunity Commission, Attention: Office of the Regional Attorney, One Biscayne Tower, 2 South Biscayne Boulevard, Suite 2700, Miami, Florida 33131.

### VI. MONETARY RELIEF

23. Defendant agrees to pay a total amount of $275,000.00 (two hundred seventy-five thousand dollars) to resolve this litigation. The monies referenced herein shall issue within ten calendar days from the court's execution of this Decree. The monies shall be

distributed as set forth in Exhibit B attached hereto.

24. If Defendant fails to tender the above-mentioned payments as set forth in paragraph 23 and attached Exhibit B, then Defendant shall pay interest on the defaulted payment at the rate calculated pursuant to 26 U.S.C. Section 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by Defendant's non-compliance.

## VIII. ENFORCEMENT

25. The Commission shall have independent authority to seek judicial enforcement of each aspect, term, provision and attachment of this Decree.

## IX. COSTS

26. Except to the extent agreed otherwise, each Party shall bear her or its own costs and attorneys' fees associated with this litigation.

## X. DURATION OF CONSENT DECREE; CASE CLOSURE

27. The duration of this Decree shall be three (3) years from the date of entry of the Decree and will expire on that date without further action of the Court or parties.

SO ORDERED ADJUDGED AND DECREED, this 16th day of May 2006

_____
SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

AGREED TO:
FOR THE PLAINTIFF,
UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION


by:     /s/ Delner Franklin-Thomas                    Date:   May 15, 2006
        Delner Franklin-Thomas, Esquire
        Regional Attorney
        U.S. Equal Employment Opportunity Commission
        Miami District Office
        One Biscayne Tower, Suite 2700
        2 South Biscayne Boulevard
        Miami, Florida 33131


AGREED TO:
FOR THE PLAINTIFF-INTERVENOR
TAMMY SHELTON-LEIGH


by:     /s/ Mark Rodriguez                            Date:   May 15, 2006
        Mark Rodriguez, Esq.
        Mark Rodriguez, P.A.
        501 E. Kennedy Boulevard, Suite 1200
        Tampa, FL 33602
and

by:     /s/ Cally Catania
        Cally Catania, Esq.
        Cally Catania, P.A.
        13336 North Central Avenue
        Tampa, FL 33612


AGREED TO:
FOR THE PLAINTIFF-INTERVENOR
TANYA YOUNG-MORRISON


by:     /s/ Mark Rodriguez                            Date:   May 15, 2006
        Mark Rodriguez, Esq.

   Mark Rodriguez, P.A.
   501 E. Kennedy Boulevard, Suite 1200
   Tampa, FL 33602

and

by:  /s/ Cally Catania
   Cally Catania, Esq.
   Cally Catania, P.A.
   13336 North Central Avenue
   Tampa, FL 33612


AGREED TO:
FOR THE DEFENDANT
RTG FURNITURE CORP.


by:  /s/ Richard C. McCrea, Jr.    Date: May 15, 2006
   Richard C. McCrea, Jr., Esq.,
   Zinober & McCrea, P.A.,
   201 E. Kennedy Boulevard, Suite 800
   Tampa, FL 33602

# EXHIBIT A

## NOTICE TO ALL EMPLOYEES

## POSTED PURSUANT TO A CONSENT DECREE BETWEEN THE

## UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## AND R.T.G. FURNITURE CORP.

This notice is being posted pursuant to a Consent Decree entered by the Court in <u>EEOC et al. vs. R.T.G. Furniture Corp.</u>, Civil Action No. 8:04-cv-2155-T24-TBM. R.T.G. Furniture Corp., has a policy that prohibits discrimination against employees based on sex and race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Title VII protects individuals from employment discrimination because of their race, religion, color, national origin, or sex. Title VII also protects individuals from retaliation for having complained of an unlawful employment practice. R.T.G. Furniture Corp., will not condone employment discrimination of any kind as set forth in federal anti-discrimination laws, including, but not limited to, sex and race discrimination.

R.T.G. Furniture Corp. assures its employees that it is committed to abiding by Title VII and will not take any action against an individual because he/she has exercised his/her rights under the law to oppose discriminatory acts or to file charges with the EEOC. Appropriate corrective action, up to and including termination, based upon the circumstances involved, shall be taken against any employee (including management personnel) found to have violated R.T.G. Furniture Corp.'s policy prohibiting discrimination.

This notice shall remain posted for three (3) years from the date the Decree is entered. Employees or applicants for employment who have questions about their rights under Title VII or any other federal anti-discrimination law may telephone J. Michael Kettle, General Counsel, at (678) 475-0499 or the Miami District Office of the Equal Employment Opportunity Commission at (800) 669-4000.

Signed this _____ day of _____, 2006.

_____
J. MICHAEL KETTLE, GENERAL COUNSEL
on behalf of R.T.G. Furniture Corp.,

DO NOT REMOVE BEFORE _____, 2009

## EXHIBIT B

Defendant shall pay the total sum of $275,000.00 to resolve Civil Action No. 8:04-CV-2155-T24-TBM. The monies shall be distributed as follows:

(A)  Defendant will pay Tammy Leigh $110,000.00 which shall be representative of compensatory damages. The check shall be made payable to: Tammy Leigh and Cally E. Catania, P.A. Trust Acct. and forwarded to Cally Catania at 13336 North Central Avenue, Tampa, Florida 33612. Defendant will issue a form 1099 to Ms. Leigh substantiating the amount of the check.

(B)  Defendant shall pay Tanya Morrison $110,000.00 which shall be representative of compensatory damages. The check shall be made payable to: Tanya Morrison and Cally E. Catania, P.A. Trust Acct. and forwarded to Cally Catania at 13336 North Central Avenue, Tampa, Florida 33612. Defendant will issue a form 1099 to Ms. Morrison substantiating the amount of the check.

(C)  Defendant shall pay $27,500 to Cally Catania, P.A. and $27,500 to Mark Rodriguez, P.A. in attorneys' fees. Defendant will issue a form 1099 to each substantiating the amount of the check.

The payments referenced herein shall issue within ten (10) calendar days from the Court's execution of this Decree. Copies of the payment shall be forwarded to the attention of Michael Wells, Trial Attorney, U.S. Equal Employment Opportunity Commission, 501 Polk Street, Suite 1000, Tampa, FL 33602.